# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON MATTHEW McCAIN, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No. CIV-13-0528-HE |
| ) | |
| TRACY McCOLLUM, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Brandon McCain filed this habeas action pursuant to 28 U.S.C. § 2254, challenging his 2010 conviction in Oklahoma state court for robbery with a dangerous weapon. The respondent has filed his response, conceding that the petition is timely filed and that petitioner has exhausted his state court remedies, but arguing that the petition should be denied. Petitioner has filed a reply brief. After consideration of the parties' submissions in light of the standards applicable to habeas review, the court concludes the petition should be denied.

## Factual Background

According to petitioner's recitation of the facts as presented at trial, the offense of conviction arose out of a robbery on September 14, 2008. Two men wearing masks entered Spivey's convenience store in Elk City, Oklahoma. They approached the store clerk, and, one with gun in hand, ordered the clerk to get on the ground. Thinking that it was a prank, the clerk did not immediately comply. One of the men then struck the clerk in the head and forced him to the ground. The men then robbed the store and left. At approximately the

same time, the Elk City Police Department received a call reporting an accident in another part of town. It was later determined that no such accident had happened and that the call was intended to divert officers away from the part of town where the robbery occurred.

The police focus on petitioner arose out of an unrelated investigation of a robbery of L&R Tire. While Brian Houser and Paul Wyble were being booked for that robbery, one of the police officers recognized Houser's voice as that making the fake accident report the night Spivey's was robbed. Houser later admitted he made the fake accident call.

Sometime after his booking, Houser requested to speak to police about information he had relating to various unsolved crimes he admitted to participating in. These included the robbery of L&R Tire and the use of a stolen credit card at Wal-Mart. Among other things, he denied direct participation in the robbery of Spivey's, indicating he was the getaway driver. He eventually identified Wyble and petitioner as the two men who entered and robbed the store.

In March 2009, petitioner was charged with robbery with a dangerous weapon based on the Spivey's robbery. The first trial ended in a mistrial. A second amended felony information followed, again charging petitioner with robbery with a dangerous weapon. At the second trial, petitioner was found guilty and ultimately sentenced to thirty years imprisonment.

Petitioner filed a direct appeal of his conviction with the Oklahoma Court of Criminal

2

Appeals ("OCCA"), which court affirmed the conviction.[1] He then sought post-conviction relief in state court. After denial of post-conviction relief by the District Court of Beckham County, petitioner appealed the denial to the OCCA. That court affirmed the denial of post-conviction relief.[2]

**Analysis**

The court's review is governed by the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Young v. Sirmons, 551 F.3d 942, 948 (10th Cir. 2008), *cert. denied*, 558 U.S. 906 (2009). Under AEDPA, federal habeas relief is not available on a claim the state court addressed on the merits unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). "A state-court decision is contrary to clearly established federal law if: (a) the state court applies a rule that contradicts the governing law set forth in Supreme Court cases; or (b) the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." Fairchild v. Workman, 579 F.3d 1134, 1139 (10th Cir. 2009) (internal quotations omitted). "A decision is an 'unreasonable application'

---

[1] McCain v. State, F-2010-465 (Okla. Crim. App. Apr. 22, 2011) ("OCCA Direct Appeal Opinion").

[2] McCain v. State, PC-2013-9 (Okla. Crim. App. May 16, 2013)("OCCA Post-Conviction Opinion").

3

of clearly established federal law only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting Young, 486 F.3d at 663). When reviewing a state court's application of federal law, the court is precluded from issuing the writ simply because it concludes in its "independent judgment that the state court applied the law erroneously or incorrectly." Young, 551 F.3d at 948 (internal quotation omitted). Instead, the court "must be convinced that the application was also objectively unreasonable." *Id.* "AEDPA [ ] imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal citations and quotations omitted). Moreover, when the state court determination being reviewed involves an ineffective assistance of counsel claim under the Strickland standard,[3] the review is doubly deferential. Harrington v. Richter, 131 S.Ct. 770, 788 (2011). "Where § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." Id.

*Ground One: Insufficient evidence to convict*

Petitioner argues that the evidence was insufficient to support his conviction, as the conviction depended wholly on the uncorroborated testimony of Houser, his alleged accomplice. Without more, petitioner argues, a rational jury could not have found him guilty

---

[3]*Strickland v. Washington, 466 U.S. 668 (1984).*

4

of the accused crime.

In the habeas context, the federal standard for evaluating challenges to the sufficiency of the evidence is set forth in Jackson v. Virginia, 443 U.S. 307 (1979). Under the Jackson standard, evidence is sufficient to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Coleman v. Johnson, 132 S.Ct. 2060, 2064 (2012) (quoting Jackson, 443 U.S., at 319). The court's "review under this standard is sharply limited, and a court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Turrentine v. Mullin, 390 F.3d 1181, 1197 (10th Cir. 2004) (internal quotations omitted).

Although the OCCA did not cite Jackson, it applied the Jackson standard when considering petitioner's sufficiency of the evidence claim.[4] *See* OCCA Direct Appeal Opinion [Doc. # 3-1, pg. 2-3] ("Taking all of the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt."). Therefore, the court reviews the OCCA's decision with AEDPA deference.

---

[4] *"That the OCCA did not cite Jackson is of no moment; state courts need not refer to, or even be aware of, controlling Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Matthews v. Workman, 577 F.3d 1175, 1183 n.2 (10th Cir. 2009) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).*

As noted above, petitioner was convicted of robbery with a dangerous weapon. State law identifies the substantive elements of the crime which must be proved. Torres v. Mullin, 317 F.3d 1145, 1152 (10th Cir. 2003). The elements of robbery with a dangerous weapon are the 1) wrongful, 2) taking, 3) and carrying away, 4) of the personal property, 5) of another, 6) from the person or the immediate presence of another, 7) by force or by fear. 21 Okla Stat. § 801; OUJI-CR 4-144.

The record reflects that the prosecution presented at trial, among other things, testimony from Houser, physical evidence linking petitioner to the crime, and petitioner's own incriminating statements made during phone calls from jail. Although petitioner's testimony directly contradicted that of Houser, a rational trier of fact could have found that Houser was telling the truth and that petitioner was one of the two men who robbed the store at gunpoint. That "is all that is necessary under Jackson . . . ." Boltz v. Mullin, 415 F.3d 1215, 1233 (10th Cir. 2005).

Petitioner's reliance on the state law requirement for corroboration of an accomplice's testimony does not lead to a different conclusion.[5] That standard is a matter of state substantive law rather than of federal law. "The Constitution does not prohibit convictions

---

[5]*Under Oklahoma law, "[a] conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof." 22 Okla. Stat. § 742. And "[if the accomplice's testimony is corroborated as to one material fact by independent evidence tending to connect the accused to the commission of the crime, the jury may infer that the accomplice speaks the truth as to all." Glossip v. State, 157 P.3d 143, 152 (Okla. Crim. App. 2007) (citing Fleming v. State, 760 P.2d 208, 210 (Okla. Crim. App. 1988)). "Even entirely circumstantial evidence may be sufficient to corroborate an accomplice's testimony." Id.*

6

based primarily on accomplice testimony." Scrivner v. Tansy, 68 F.3d 1234, 1239 (10th Cir. 1995). *See* Boyd v. Ward, 179 F.3d 904, 921-22 (10th Cir. 1999); Smith v. Gibson, 2005 WL 1185815, at *21 (W.D. Okla. 2005), *aff'd* 550 F.3d 1258 (10th Cir. 2008), *cert. denied*, 558 U.S. 895 (2009). Further, even if the circumstances were otherwise (i.e. if the corroboration standard was grounded in federal law), there is no basis here for refusing to defer to the OCCA's resolution of the issue.[6]

The OCCA's decision was neither contrary to, nor an unreasonable application of, federal law. Nor was it based on an unreasonable determination of the facts in light of the evidence presented. Habeas relief is unavailable based on this ground.

*Ground Two: Evidence of other crimes*

Petitioner argues that the trial court erred by admitting evidence of other crimes. Specifically, petitioner asserts that the prosecution introduced evidence relating to other crimes committed by Houser and Wyble, including the robbery of L&R Tire and the use of a stolen credit card at Wal-Mart. This evidence, petitioner contends, was prejudicial and had no probative value as to the crime for which he was on trial.

The OCCA rejected this argument on direct appeal, finding it did not rise to the level of plain error.[7] The court concluded that the testimony concerning Houser and Wyble's

---

[6]*The OCCA concluded that the accomplice testimony was sufficiently corroborated. At trial, the prosecution presented, among other things, physical evidence linking petitioner to the crime and petitioner's own incriminating statements made during phone calls from jail.*

[7]*Due to defense counsel's failure to object to any of the evidence challenged in ground two, the OCCA applied a plain error standard of review. OCCA Direct Appeal Opinion [Doc. #3-1, pg. 3]; see Carter v. State, 177 P.3d 572, 576 (Okla. Crim. App. 2008).*

robbery of L&R Tire did not constitute evidence of other crimes as "the testimony did not establish that [petitioner] participated in the offense." And although the court found that the testimony related to the use of a stolen credit card did constitute evidence of other crimes, the court concluded that there was no plain error because it was petitioner's counsel that first presented evidence of the stolen credit card. [Doc. #3-1, pg. 4].

Oklahoma's plain-error test is rooted in due process. Thornburg v. Mullin, 422 F.3d 1113, 1124 (10th Cir. 2005). Therefore, because the OCCA applied the same test this court applies to determine whether there has been a due-process violation, the court must defer to the OCCA's ruling unless it unreasonably applied that test. *Id.* at 1124.

A state court's evidentiary ruling will not be disturbed on habeas review unless petitioner "demonstrates that the court's error was 'so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process.'" Fox v. Ward, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting Williamson v. Ward, 110 F.3d 1508, 1522 (10th Cir. 1997)). The challenged evidence was relevant as it showed how the police, during the investigation of the L&R Tire robbery, linked Houser's voice to the fake accident report placed the night of the Spivey's robbery. The evidence of the L&R robbery was not significantly prejudicial to petitioner as it did not link him to any crime. Likewise, the evidence of the use of a stolen credit card was not prejudicial to petitioner as the event was first revealed to the jury by defense counsel, and because petitioner took the stand on his own behalf and testified about his criminal history, including a separate arrest for the use of a stolen credit card. Petitioner has not shown that the OCCA's decision on this claim was

8

an unreasonable determination of the facts nor an unreasonable application of Supreme Court precedent. The asserted evidentiary errors did not violate petitioner's due process rights, nor did they render the trial fundamentally unfair.

*Ground Three: Ineffective assistance of counsel for failure to request a limiting instruction on the use of other crimes evidence*

Petitioner argues that he suffered ineffective assistance of counsel by his trial counsel's failure to request a limiting instruction on the jury's consideration of other crimes evidence. The OCCA rejected this argument, reasoning that petitioner's "entire theory of defense was that Houser and accomplice committed the crimes along with [the robbery of Spivey's] and, once caught, Houser blamed [petitioner] to minimize his criminal liability." The court reasoned that based on that defense theory, it was in petitioner's favor for the jury to consider evidence of other crimes. Applying Strickland v. Washington, 466 U.S. 668 (1984), the court concluded that petitioner had "not overcome the strong presumption that counsel's conduct constituted sound trial strategy."

To succeed on his effective assistance of counsel claim petitioner must establish that "counsel's (1) 'representation fell below an objective standard of reasonableness,' and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Welch v. Workman, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting Strickland, 466 U.S. at 688, 694). "Deficient performance entails an error so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005)

9

(quoting Strickland, 466 U.S. at 687). Counsel's decisions "must fall below 'an objective standard of reasonableness,' evaluated from counsel's perspective at the time the decision was made." Bland v. Sirmons, 459 F.3d 999, 1030 (10th Cir. 2006) (quoting Strickland, 466 U.S. at 689). "It is not enough that counsel's decisions were wrong in hindsight." *Id.* The Supreme Court requires that every effort be made "'to eliminate the distorting effects of hindsight' by indulging in a strong presumption counsel acted reasonably." Welch, 639 F.3d at 1011 (quoting Strickland, 466 U.S. at 689).

The court "need not consider whether counsel's performance was deficient, however, if the petitioner was not prejudiced by the alleged deficiency." Bland, 459 F.3d 1030. A petitioner establishes prejudice by demonstrating "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting Strickland, 466 U.S. at 694). As the OCCA concluded, petitioner has failed to show that, but for any of the mistakes he alleges, the result would have been different. Even if petitioner's counsel had requested a limiting instructing, there was sufficient evidence presented to the jury for them to find petitioner guilty of the alleged crime. In these circumstances, and in light of the doubly-deferential standard referenced in Harrington, habeas relief is not warranted.

*Ground Four: Prosecutorial misconduct*

Petitioner argues in ground four that prosecutorial misconduct denied him due process and a fair trial. Specifically, he argues that the prosecutor improperly invoked societal harm in his closing argument. The prosecutor told the jury that "these three guys were a crime

wave for Elk City for about three months." Later, the prosecutor told the jury to send a message to petitioner about "what you think about his activity."

The OCCA rejected this argument on direct appeal. It first determined that because petitioner did not object to the statements at trial, he had waived appellant review for all but plain error. OCCA Direct Appeal Opinion [Doc. #3-1, pg. 5] (citing Romano v. State, 909 P.2d 92, 115 (Okla. Crim. App. 1995); *see also* Malicoat, 426 F.3d at 1255. The court concluded that the prosecutor's statements did not amount to plain error because they were "supported by the record and did not constitute rank inflammatory speculation." The court determined that the "crime wave" statement was properly directed towards petitioner's offense and Houser's credibility as a witness. The court held that the cumulative effect of these statements did not deprive appellant of a fair trial.

As petitioner does not argue that the prosecutor's remarks prejudiced a specific right, such as the privilege against compulsory self-incrimination, the question is whether they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Matthews, 577 F.3d at 1186 (10th Cir. 2009) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). "[T]he appropriate standard for review of such a claim on writ of habeas corpus is the narrow one of due process, and not the broad exercise of supervisory power." *Id.* (internal quotations omitted). Because the court's interest is in whether petitioner obtained a fair trial, "'inappropriate prosecutorial comments, standing alone, [do] not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.'" *Id*. (quoting United States v. Young, 470 U.S. 1, 11 (1985)).

11

"To determine whether a trial is rendered fundamentally unfair, [the court] examine[s] the entire proceeding, including the strength of the evidence against the petitioner, both as to guilt at that stage of the trial and as to moral culpability at the sentencing phase as well as [a]ny cautionary steps—such as instructions to the jury—offered by the court to counteract improper remarks." Bland, 459 F.3d at 1024 (internal quotations omitted). "'Ultimately, [the court] must consider the probable effect the prosecutor's [statements] would have on the jury's ability to judge the evidence fairly.'" Duckett v. Mullin, 306 F.3d 982, 989 (10th Cir. 2002) (quoting Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir.1994)).

The court cannot say that the OCCA's determination was unreasonable. "A prosecutor may comment on and draw reasonable inferences from evidence presented at trial." Thornburg v. Mullin, 422 F.3d at 1131; *see generally* Donnelly, 416 U.S. at 646-47 ("Such arguments, like all closing arguments of counsel, are seldom carefully constructed in toto before the event; improvisation frequently results in syntax left imperfect and meaning less than crystal clear. . . [A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations."). Viewing the prosecutor's comments in context, the court cannot say that the OCCA's determination as to them was contrary to, or an unreasonable application of, federal law as articulated by the Supreme Court. Petitioner is not entitled to habeas relief on this ground.

*Ground Five: Excessive sentence*

In ground five of his habeas petition, petitioner argues that his thirty year sentence

was excessive and should have been modified under both state and federal law. Speaking to the state law argument, the OCCA rejected petitioner's contention, concluding that the sentence was within the applicable statutory range.

Federal courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) (citing Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir.1987)). "Generally, [the] review of a sentence ends once [the court] determine[s] the sentence is within the limitation set by statute. *Id.* (citing Vasquez v. Cooper, 862 F.2d 250, 255 (10th Cir.1988)). Petitioner's sentence was within the statutory limits under Oklahoma Law.[8] Accordingly, habeas relief is not warranted on this ground.

*Ground Six: Cumulative error*

Petitioner argues in ground six that cumulative error resulted in denying him a fair trial. The OCCA rejected this argument, concluding that petitioner was not denied a fair trial. Petitioner offers no persuasive reason as to why that conclusion is contrary to, or an an unreasonable application of, federal law. *See generally,* Workman, 342 F.3d 1116 ("A cumulative-error analysis merely aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect

---

[8]*"Upon conviction therefor, any person guilty of three separate and distinct felonies, in violation of this section shall suffer punishment by imprisonment for life in the State Penitentiary, or for a period of time of not less than ten (10) years, and it is mandatory upon the court to impose no less than the minimum sentence of ten (10) years." 21 Okla. Stat. § 801.*

13

on the outcome of the trial is such that collectively they can no longer be determined to be harmless.") (citing Duckett, 306 F.3d at 992). Petitioner is not entitled to relief on this ground.

*Grounds seven, nine, and ten : Ineffective assistance of appellate counsel*

In grounds seven, nine, and ten, petitioner argues that he received ineffective assistance of counsel. In ground seven, he argues that his appellate counsel should have raised arguments that petitioner received ineffective trial counsel for his trial counsel's failure to request additional DNA evidence, failure to call certain witness, and failure to investigate certain phone calls. In ground nine, petitioner argues that his appellate counsel erred by not making his claim of ineffective accomplice corroboration a separate claim from his claim for insufficient evidence. In ground ten, petitioner argues that his appellate counsel was ineffective for not arguing that his trial counsel was ineffective for not objecting to evidence of other crimes. The OCCA rejected these arguments in petitioner's appeal on post-conviction relief. Under the standards applicable to habeas review, there is no basis for reaching a different result here.

As noted, to succeed on his effective assistance of counsel claim petitioner must establish that "counsel's (1) 'representation fell below an objective standard of reasonableness,' and (2) there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Welch v. Workman, 639 F.3d 980, 1010 (10th Cir. 2011) (quoting Strickland, 466 U.S. at 688, 694). The OCCA applied Strickland, and concluded that many of petitioner's arguments were

rejected on direct appeal, and those that were not did not warrant reversal.

On ground seven, as the OCCA discussed, petitioner has not shown that but for his appellate counsel's failure to raise the omission of additional DNA, phone call, and other witness evidence on appeal, the outcome would have been different. Specifically, he has not shown that the hearsay witness's testimony would have been admissible at trial. As to additional evidence related to phone calls, the jury heard the actual conversations, and petitioner has not shown that additional evidence related to those phone calls would have impacted the jury's interpretation of them. This is not such an unreasonable application of Strickland as might warrant relief under the Harrington standard. *See* Smith v. Robbins, 528 U.S. 259, 288 (2000) ("[A] merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."); *see also* Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.") (cited with approval in Smith).

As to ground nine, as discussed above, there was sufficient evidence to sustain petitioner's conviction under the applicable standard, and the circumstances as to corroboration of accomplice testimony were also addressed. Both issues were addressed by the OCCA on the merits and petitioner offers no persuasive explanation as to why their separate or different presentation would have resulted in a different outcome or analysis. Likewise, as to ground ten, the court has already addressed the circumstances as to the admission of what petitioner characterizes as "other crimes" evidence. Given those

15

circumstances and the deferential standard of review set out in Harrington, there is no basis for concluding that the OCCA's application of Strickland was unreasonable. Petitioner is not entitled to habeas relief on grounds seven, nine, and ten.

*Ground Eight: Claims of ineffective assistance of counsel raised in the application for post conviction relief*

In ground eight, petitioner argues that he received ineffective assistance at trial for his counsel's

> [failure] to investigate evidence favorable to his defense; [failure] to call material witnesses to support his defense; [failure] to object to evidence of other bad acts not listed in the information; [failure] to request jury instruction on other crimes evidence introduced by the prosecutor; [failure] to object to prosecution questions while questioning Petitioner regarding other crimes not listed in the information; [failure] to consult with Petitioner during voir dire regarding prospective jurors; [failure] to consult with petitioner during trial regarding relevant information pertinent to Petitioner['s] right to an impartial jury; and [failure] to conduct an independent test for DNA that would have prove[n] that the items brought in by the state, other than a mask, did not have any of Petitioner's DNA on them.

Other than the claim for failure to ask for an instruction on other crimes evidence, which the court already addressed, none of these arguments were raised on direct appeal. The OCCA therefore concluded that the unraised claims were waived under 22 Okla. Stat. § 1086, and the "other crimes" claim was barred by *res judicata*. *See* Fowler v. State, 896 P.2d 566, 569 (Okla. Crim. App. 1995) ("This Court will not consider an issue which was raised on direct appeal and is therefore barred by *res judicata*, nor will we consider an issue which has been waived because it could have been raised on direct appeal but was not."). Because these claims were barred by an independent and adequate state procedural ground, habeas relief

16

is unavailable as to them.

"On habeas review, [courts] do not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless cause and prejudice or a fundamental miscarriage of justice is shown." Steele v. Young, 11 F.3d 1518, 1521 (10th Cir. 1993) (citing Coleman v. Thompson, 501 U.S. 722 (1991)). The Tenth Circuit has deemed § 1086 an independent and adequate state procedural bar. *See* Ellis v. Hargett, 302 F.3d 1182, 1186 (10th Cir. 2002). Therefore, petitioner must point to "cause and prejudice or a fundamental miscarriage of justice." Petitioner has not shown prejudice because, as the OCCA determined, each of the unraised claims are without merit. A fundamental miscarriage of justice requires a showing of actual innocense, which petitioner has not shown. *See* Coleman, 501 U.S. at 748 (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)). Because petitioner's claims in ground eight are procedurally barred by an independent and adequate state law ground, habeas relief is not available.[9]

## Conclusion

Having concluded the grounds asserted do not afford a basis for relief under the deferential review mandated by AEDPA, the petition for writ of habeas corpus [Doc. #1] is **DENIED**. The court also denies a certificate of appealability, as it concludes petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

---

[9]*Even if petitioner's claims in ground eight were not procedurally barred, he has failed to show that his trial counsel's performance was objectively unreasonable under* Strickland.

2253(c)(2).

**IT IS SO ORDERED**.

Dated this 4th day of August, 2014.

JOE HEATON
UNITED STATES DISTRICT JUDGE